UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-60806-CV-DIMITROULEAS**

ALEJANDRO LEDEZMA BASTIDAS,

Petitioner,

v.

PAM BONDI, *et al.*,

Respondents.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on a Motion for Reconsideration, [DE 11]; and an Emergency Motion for Immediate Relief due to Medical Emergency, [DE 12] (collectively, the "Motions").  Both Motions were filed by Ximena Cordoba ("Cordoba"), on behalf of Petitioner Alejandro Ledezma Bastidas ("Petitioner").  For the reasons explained below, the Court must **STRIKE** the Motions.

Title 28 U.S.C. § 2242 permits an application for writ of habeas corpus to be filed by someone acting on a Petitioner's behalf, commonly known as a "next friend."  *See generally* 28 U.S.C. § 2242.  However, the Court does not automatically grant next friend standing.  *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990); *Sanchez-Velasco v. Sec'y Dep't of Corr.*, 287 F.3d 1015 (11th Cir. 2002).  To be entitled to proceed for someone else as "next friend," a person must satisfy the following two requirements:

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Sanchez-Velasco*, 287 F.3d at 1025 (quoting *Whitmore*, 495 U.S. at 163-64) (internal quotation marks omitted). "Absent 'next friend' status, an individual lacks Article III standing to file a petition on an-other's behalf, thus stripping the district court of jurisdiction to consider the petition." *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Whitmore*, 495 U.S. at 164). "The burden is on the 'next friend' to clearly establish the propriety of his or her status and thereby justify the court's jurisdiction." *Whitmore*, 495 U.S. at 164 (citations omitted).

To proceed in this case on Petitioner's behalf, Cordoba must meet the two requirements cited above. *See* [DE 11 at 3; DE 12 at 3]. Cordoba does not disclose her relationship to Petitioner (the second requirement), nor does she adequately disclose an impairment to Petitioner's ability to proceed on his own behalf (the first requirement). Before Cordoba may proceed as next friend in this case, she must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore*, 495 U.S. at 165. Cordoba has not shown that Petitioner is unable to litigate his own case due to mental incapacity, lack of access to court, or other similar disability. Accordingly, Cordoba fails to meet either element of the two-part "next friend" test, depriving her of Article III standing. *See Whitmore*, 495 U.S. at 164. As a result, the Court must strike the Motions.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion for Reconsideration [**DE 11**] is **STRICKEN**.

---

[1] To the extent Petitioner is seeking emergent injunctive relief due to the denial of medical care, such a claim is not cognizable in a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). To pursue a claim based on the denial of medical care, Petitioner must file a new civil rights action. And for Cordoba to proceed in that case on Petitioner's behalf, she must meet the two "next friend" requirements.

2.  The Emergency Motion for Immediate Relief due to Medical Emergency [**DE 12**] is

    **STRICKEN**.

3.  This case shall remain **CLOSED**.

4.  Thde Clerk shall mail a copy of this order to Petitioner.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this

17th day of April 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Alejandro Ledezma Bastidas, *Pro Se*
A 077-751-503
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov

3